### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BERNARD CHARLES, KARL CHARLES,** | * | **CIVIL ACTION NO.** |
| **LATASHA CHARLES, & JACOB HILL** | * | |
| **Plaintiffs** | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE NO.** |
| **MICHAEL HILL, TRAVIS ESTES,** | * | |
| **INDIVIDUALLY AND AS OWNER OF** | * | |
| **ESTES REFRACTORY AND INSULATION** | * | |
| **OF LOUISIANA, LLC, FORD MOTOR** | * | |
| **COMPANY, PROGRESSIVE SECURITY** | * | |
| **INSURANCE COMPANY, ZURICH** | * | |
| **INSURANCE COPMANY, HOUSTON** | * | |
| **SPECIALTY-COMMERCIAL** | * | |
| **AUTOMOBILE INSURANCE, ESTES** | * | |
| **REFRACTORY AND INSULATION OF** | * | |
| **LOUISIANA, LLC, XYZ INSURANCE** | * | |
| **COMPANY & USAA** | * | |
| **Defendants** | * | **MAGISTRATE** |
| | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

TO:    The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Ford Motor Company,  files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 18th Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.

On May 23, 2014, Bernard Charles, Latasha Charles, Karl Charles, and Jacob Hill (hereinafter collectively "Plaintiffs") filed this lawsuit against Ford Motor Company (hereinafter "Ford") in the 18th Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, bearing docket no. 45913C, and entitled "*Bernard Charles, et al., Pltfs. Vs. Michael Hill, et al., Dfts.*"  (*See* Plaintiffs' Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.

This lawsuit seeks damages from the defendants for injuries allegedly sustained during an automobile accident on or about May 17, 2013.

3.

Plaintiffs are all residents of Franklin, Louisiana.

4.

In their petition, plaintiffs name as a defendant Ford Motor Company, alleged to be "a foreign corporation authorized to do and doing business in the State of Louisiana, Parish of Orleans and at all material times herein was the manufacture [sic] of the 2007 Ford F-150 which is the subject of this suit."

5.

Ford was served with this Petition for Damages on June 11, 2014 and desires to have this matter removed from the docket of the 18th Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana pursuant to the provisions of 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1446 et seq.

I.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

6.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

7.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8.

Plaintiffs have alleged injuries and damages that, if true, which defendants deny, establish an amount in controversy in excess of the sum or value of $75,000, exclusive of interest and costs.

9.

Three plaintiffs have claimed damages for "serious injuries to their persons, which caused them to seek medical attention," and two of those plaintiffs have also claimed loss of earnings. Furthermore, one plaintiff is claiming loss of consortium, and each plaintiff is seeking damages for "pain and suffering, mental anguish and suffering, lost wages, and any and all other damages that may be proven at the trial of this matter."

- 3 -

10.

Specifically, Bernard Charles has allegedly suffered a punctured lung, head injuries, soft tissue injuries, and multiple fractures, including a fractured jaw, which required surgery and possibly future surgeries. He has yet to return to work and is still drawing Workers' Compensation payments. These claims exceed the jurisdictional threshold for damages in Louisiana. *See*, *Rhodes v. State Through DOTD*, 94-1758 (La. App. 1 Cir. 12/20/96); 684 So.2d 1134 (A plaintiff who suffered scalp lacerations, a mandible fracture, two surgeries, and had residual pain was awarded $100,000 in general damages, plus medicals); and, *Wijngaarde v. Parents of Guy*, 97-2064 (La. App. 4 Cir. 9/2/98); 720 So.2d 6 (A plaintiff was awarded $116,557 for a fractured jaw that required surgery). Bernard Charles' claim clearly meets the amount in controversy requirement.

11.

Jacob Hill was allegedly ejected from the vehicle, and suffered facial lacerations, scarring, and soft tissue injuries to the neck and back. *See*, *Kerrigan v. Imperial Fire and Cas. Ins.*, 99-603 (La. App. 3 Cir. 11/3/99); 748 So.2d 67 (A plaintiff who was also in an auto accident and suffered a forehead laceration and scarring, as well as cervical and lumbar strain, was awarded $50,000 for the head and face injury and $25,000 for the cervical and lumbar strain, and also medical expenses). Jacob Hill's claim also meets the amount in controversy requirement.

## II.  SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS IS PROPER UNDER 28 U.S.C. § 1367

12.

Bernard Charles' and Jacob Hill's claims clearly meet the amount in controversy threshold.  It is unclear at this point whether the claims of Karl Charles and Latasha Charles do as well. However, "a federal court may exercise supplemental jurisdiction over any claims 'so

- 4 -

related' to the claim within the court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2000). *Daigle v. Borden Chem., Inc.*, CIV.A. 03-2100, 2003 WL 22671726 (E.D. La. Nov. 7, 2003)(citing *In re Abbott Labs*, 51 F.3d 524, 529 (5th Cir. 1995). *See also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002)(holding that the jurisdictional amount is satisfied as to all diverse plaintiffs when the potential recovery of only one plaintiff exceeds § 1332's threshold).

13.

Latasha Charles' claim for loss of consortium is "derivative of and closely related to her husband's [Bernard Charles] personal injury claim." *Id.* Karl Charles' claim arises out of the fact that he was allegedly injured while riding in the same truck as Bernard Charles, Jacob Hill, and Michael Hill, during the same accident. Thus, both claims clearly arise from a "common nucleus of operative fact" and are subject to supplemental jurisdiction in this court. *Carey v. E.I. duPont de Nemours & Co.*, 209 F. Supp. 2d 641, 648-649 (M.D. La. 2002)(holding supplemental jurisdiction proper over related claims and giving a thorough explanation of the law).

14.

While defendants admit no liability, nor any element of damages, defendants have met their burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs for at least two claims, and that supplemental jurisdiction is proper for the remaining claims.

## III.    ALL PROPERLY JOINED PARTIES ARE DIVERSE

15.

Plaintiffs are all residents of the State of Louisiana.

- 5 -

16.

Defendant, Ford Motor Company, is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Michigan.

17.

Defendant, Progressive Security Insurance Company, is a corporation organized under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

18.

Defendant, Zurich Insurance Company, is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

19.

Defendant, Houston Specialty-Commercial Automobile Insurance Company, is not a company registered with the Louisiana Secretary of State; but Houston Specialty Insurance Company is a corporation organized under the laws of Texas.

20.

Defendant, USAA, is a corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas.

21.

Defendants Estes Refractory and Insulation of Louisiana, LLC, Travis Estes, and Michael Hill are all improperly joined parties; as the co-employee and employer of the plaintiffs, the only remedy against these parties is in Workers' Compensation.

22.

To analyze a claim of fraudulent joinder, the court asks whether there is: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In assessing the second issue, the relevant test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

23.

Plaintiffs plead specifically that at all relevant times Estes Refractory and Insulation of Louisiana, LLC "is the employer of Bernard Charles, Karl Charles, and Jacob Hill," that Travis Estes is "the President/CEO/Owner of Estes Refractory and Insulation of Louisiana, LLC," and that Michael Hill "was driving a 2007 F-150 or F-250, owned by Travis Estes, in the course and scope of his employment for the defendant, Estes Refractory and Insulation of Louisiana, LLC." Taking the facts exactly as they have been plead in the petition, Plaintiffs have sued their co-employee and employer for injuries allegedly sustained in the course and scope of their employment.

24.

Pursuant to La. Rev. Stat. Ann. § 23:1032, the exclusive remedy for an employee and his dependants against his employer or co-employee is in Workers' Compensation. The only exception is for an intentional act by an employer or co-employee, where "an employee must prove that the employer 'either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.'" *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 377 (5th Cir. 2006)(citing *Bazley v. Tororich*, 397 So.2d 475, 482 (La. 1981)).

25.

Plaintiffs here allege no intentional act, only claiming various instances of negligence on the parts of Michael Hill, Travis Estes, and Estes Refractory and Insulation of Louisiana, LLC. Even accepting all of Plaintiffs allegations as true, for purposes of determining whether they state a claim, the act here, allegedly falling asleep at the wheel, is not an intentional act; Louisiana courts have held that falling asleep while driving is negligence. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 171 So. 2d 816, 817 (La. Ct. App. 1965) *writ issued,* 247 La. 681, 173 So. 2d 543 (1965) and *aff'd,* 248 La. 246, 178 So. 2d 238 (1965). Moreover, in a similar action for injuries sustained when a co-employee fell asleep at the wheel, the employer and co-employee were entitled to immunity under the Workers' Compensation Act. *Boyte v. Ward N. Am. Ins. Co.*, 35,929 (La. App. 2 Cir. 5/8/02), 818 So. 2d 293, 299 *writ denied,* 2002-1520 (La. 9/20/02), 825 So. 2d 1179 and *writ denied,* 2002-1591 (La. 9/20/02), 825 So. 2d 1181.

26.

Accordingly, Plaintiffs' only recovery against their employer, Travis Estes and Estes Refractory and Insulation of Louisiana, LLC, and their co-employee, Michael Hill, is in Workers' Compensation. In fact, Jacob Hill, Bernard Charles, and Karl Charles have each received Workers' Compensation payments stemming from the accident at issue. As such, they have no cause of action against these defendants, and thus no possibility of recovery, making the joinder of Michael Hill, Travis Estes, and Estes Refractory and Insulation of Louisiana, LLC fraudulent.

27.

Accordingly, the Louisiana citizenship of Michael Hill, Travis Estes, and Estes Refractory and Insulation of Louisiana, LLC is irrelevant, and there is complete diversity of

citizenship between the plaintiffs and properly joined defendants.

28.

Therefore, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity exists between all adverse parties. As such, removal is appropriate.

## IV.    FORD MOTOR COMPANY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

29.

The Petition for Damages was filed May 23, 2014, and Ford was not served with the petition until June 11, 2014.[1]

30.

The Notice of Removal is being filed prior to the running of thirty days from service on Ford of the initial pleadings setting forth the claim or relief upon which this civil action is based, all in accordance with 28 U.S.C. 1446(b).

31.

Jurisdiction is found in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal district courts concurrent original jurisdiction over claims where the matter of controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States; and supplemental jurisdiction under 28 U.S.C. § 1367 for claims that do not meet the amount in controversy requirement if those claims are so closely related so as to be part of the same case within the court's original jurisdiction.

32.

---

[1] *See* Ex. "B" (Return of Service)

The 18th Judicial District for the Parish of Pointe Coupee, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98. Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

33.

Pursuant To 28 U.S.C. § 1446(A) a copy of the Petition for Damages is attached hereto and marked by identification as Exhibit "A."

34.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs through their counsel of record, and a copy is being filed with the Clerk of Court for the 18th Judicial District for the Parish of Pointe Coupee, State of Louisiana.

35.

No previous application has been made for the relief requested herein.

36.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

37.

Ford is entitled to and requests a trial by jury herein on all issues.

**WHEREFORE**, defendant, Ford Motor Company, respectfully prays that the above numbered and entitled cause of action on the docket of the 18th Judicial District for the Parish of Pointe Coupee, State of Louisiana, be hereby removed from said court to the docket of United States District Court for the Middle District of Louisiana, for a trial by jury herein, and for all other general and equitable relief.

Respectfully Submitted:


/s/  Keith W. McDaniel
**KEITH W. McDANIEL** (#17992)
**LANCE B. WILLIAMS** (#23373)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, Louisiana  70433
Phone: (504) 831-0946
Fax: (800) 977-8810
kmcdaniel@mcsalaw.com
lwilliams@mcsalaw.com
**ATTORNEYS FOR FORD MOTOR
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and e-mail this 9th day of June, 2014.


/s/   Keith McDaniel
**KEITH W. McDANIEL**

- 11 -