UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BERNARD CHARLES, ET AL.                          CIVIL ACTION

VERSUS                                            NO.: 14-425-JJB-RLB

MICHAEL HILL, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 10, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| BERNARD CHARLES, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO.: 14-425-JJB-RLB |
| MICHAEL HILL, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a referral from the district judge requesting a report and recommendation from the undersigned on removal jurisdiction. (R. Doc. 10). For the reasons provided below the undersigned recommends that the court retain jurisdiction over this matter.

**I. Background**

Plaintiffs Bernard Charles, Karl Charles, Latasha Charles, and Jacob Hill ("Plaintiffs") filed this action in the 18th Judicial District Court for the Parish of Pointe Coupee. (R. Doc. 1-2). Plaintiffs alleged that "[o]n or about May 17, 2013, at approximately 7:24 a.m., . . . defendant Michael Hill was driving a 2007 Ford F-150 or F-250, owned by defendant, Travis Estes, in the course and scope of his employment for the defendant, Estes Refractory and Insulation of Louisiana, LLC, . . . with passengers Bernard Charles, Karl Charles, Jacob Hill, and Nicholas Kristicevich, when suddenly and without warning defendant Michael Hill fell asleep and struck the attenuator/crash cushion head-on. . . . ." (R. Doc. 1-2 at 3). Plaintiffs named as defendants Michael Hill, Traves Estes, Ford Motor Company, Progressive Security Insurance Company, Zurich Insurance Company, Houston Specialty – Commercial Automobile Insurance Company, Estes Refractory and Insulation of Louisiana LLC, USAA, and the fictional XYZ Insurance Company as defendants. (R. Doc. 1-2 at 1-2).

1

Defendant Ford Motor Company ("Ford") removed the action to this court on July 9, 2014. (R. Doc. 1). The Notice of Removal asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy has been satisfied and "all properly joined parties are diverse." (R. Doc. 1 at 5). In particular, Ford alleges that defendants Estes Refractory and Insulation of Louisiana, LLC; Travis Estes; and Michael Hill "are all improperly joined parties; as the co-employee and employer of the plaintiffs, the only remedy against these parties is in Workers' Compensation." The Notice of Removal sets forth the basis for Ford's position that these defendants have been improperly joined and therefore their citizenship should be disregarded for purposes of determining jurisdiction.

On November 7, 2014, in response to a court order (R. Doc. 14), Ford filed an Amended Notice of Removal providing the correct citizenship of the plaintiffs and principal place of business of defendant Houston Specialty-Commercial Automobile Insurance Company. (R. Doc. 16). This filing confirmed the position in the Notice of Removal that all properly joined parties are diverse. According to Ford, the Plaintiffs are all citizens of Louisiana and the properly joined defendants are citizens of Delaware, Michigan, Ohio, New York, Illinois, and Texas. (R. Doc. 16 at 6-7).

On October 29, 2014, the undersigned ordered that within 21 days of its order the "plaintiffs shall file a brief or appropriate motion regarding jurisdiction, specifically addressing Ford's assertion that certain defendants have been improperly joined." (R. Doc. 13). As of the date of this Report and Recommendation, the plaintiffs have not filed a brief or motion to remand the action for lack of subject matter jurisdiction.

**II.     Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

**A.     Improper Joinder**

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47.  As the removing defendant has not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder.  In that situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable

basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

Ford alleges that Plaintiffs improperly named Estes Refractory and Insulation of Louisiana, LLC; Travis Estes; and Michael Hill as defendants because they were the Plaintiff's employer or coworker.

Under the Louisiana Workers' Compensation statute, La. Rev. Stat. § 23:1032, an employee's exclusive remedy against his employer and any coworkers for personal injuries sustained during the course and scope of employment is ordinarily limited to recovering workers' compensation benefits rather than tort damages. *See McClin v. H & H Lure Co.*, 102 F. Supp. 2d 341, 343 (M.D. La. 2000). However, this tort immunity does not apply when the employee's injuries are the result of an intentional act. La. Rev. Stat. § 23:1032(B). In those instances, the statute does nothing to shield the liability of an employer or co-employee. In *Bazley v. Tortorich*, the Louisiana Supreme Court explained that the "meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." 397 So.2d 475, 482 (La.

4

1981). The plaintiff bears the burden of demonstrating the work-related injury resulted from an intentional act. *Mayer v. Valentine Sugars, Inc.,* 444 So.2d 618, 621 (La.1984).

In the Petition, Plaintiffs specifically allege that Estes Refractory and Insulation of Louisiana, LLC "is the employer of Bernard Charles, Karl Charles, and Jacob Hill"; that Travis Estes is "the President/CEO/Owner of Estes Refractory and Insulation of Louisiana, LLC"; and that Michael Hill "was driving a 2007 F-150 or F-250, owned by Travis Estes, in the course and scope of his employment for the defendant, Estes Refractory and Insulation of Louisiana, LLC." (R. Doc. 1-2 at 1-3). There is no indication in the Petition to suggest that Bernard Charles, Karl Charles, and Jacob Hill were not passengers in the vehicle at issue in the course and scope of their employment for Estes Refractory and Insulation of Louisiana, LLC. In a pending summary judgment motion, Estes Refractory and Insulation of Louisiana, LLC represents that the plaintiffs were traveling to a worksite in the course and scope of employment. (R. Doc. 11-1 at 6). Where an employer provides transportation for an employee to go to and from work, the travel is considered to have occurred in the course and scope of employment. *See Phipps v. Bruno Const.*, 773 So 2d 826, 829 (La. App. 3 Cir. 2000) (citation omitted). Accordingly, based on the record, Plaintiffs Bernard Charles, Karl Charles, and Jacob Hill have sued their employer and co-employee for an accident occurring during the course and scope of their employment.

Furthermore, Plaintiffs have not alleged that Michael Hill, Travis Estes, or Estes Refractory and Insulation of Louisiana, LLC committed an intentional tort or otherwise acted with intent to cause the accident. Plaintiffs allege that "Michael Hill was negligent in that he failed in his responsibility to maintain a sharp lookout and attention while operating a vehicle, thus causing the collision." (R. Doc. 1-2 at 3). Plaintiffs allege that Travis Estes owned the vehicle, failed to inform his insurance company that a personal vehicle was being used for

5

business, and failed to add the vehicle to a commercial fleet for coverage. (R. Doc. 1-2 at 4). Finally, Plaintiffs allege that Estes Refractory and Insulation of Louisiana, LLC acted with "gross and wanton negligence" by failing to check Michael Hill's driving record, failing to provide a covered vehicle to transport employees, and failing to add the vehicle to a commercial automobile policy. (R. Doc. 1-2 at 4-5). None of these allegations suggest any intentional act on behalf of those defendants and all sound in negligence.

Because Plaintiffs' claims against their co-employee and employer sound in negligence, those claims are precluded by Louisiana's Workers' Compensation statute. *See*, *e.g.*, *Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542, 545 (M.D. La. 1997) (Louisiana Workers' Compensation statute precludes an employee's claim of negligence against his employer or co-employee); *Bourque v. Nan Ya Plastics Corp.*, *America*, 906 F. Supp. 348, 353 (M.D. La. 1995) ("The remedies provided to an injured employee by the Louisiana Workers' Compensation statute . . . displace all other rights and remedies against the injured employee's employer or co-employee.").

Accordingly, the court concludes that Plaintiffs improperly named Estes Refractory and Insulation of Louisiana, LLC; Travis Estes; and Michael Hill as defendants for the purpose of destroying complete diversity. As discussed above, the properly joined parties are completely diverse.

B.     **Amount in Controversy**

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

28 U.S.C. §1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing either (1) "by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id*.  (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

Defendant alleges that the amount in controversy has been satisfied based on the allegations raised by plaintiff Bernard Charles and Jacob Hill.  (R. Doc. 16 at 4-5).  Plaintiff alleges that no air bags were deployed in the underlying accident, the force of the truck pushed an impact attenuator back eleven feet, and all of the occupants of the vehicle "were severely hurt and traumatized."  (R. Doc. 1-2 at 3).  Bernard Charles, who was in the rear passenger seat behind the driver, was found after the accident "in a prone position of the rear floor board with his face against the rear passenger door frame unconscious."  (R. Doc. 1-2 at 3).  Jacob Hill, the front seat passenger, "was ejected through the windshield . . . and traveled approximately fifteen feet from the point of impact to his final location . . . lying in a prone position on the inside

7

westbound lane against the guardrail." (R. Doc. 1-2 at 3). These plaintiffs allegedly "sustained serious injuries to their persons, which caused them to seek medical attention and treatment" and are seeking recovery for "pain and suffering, mental anguish and suffering, lost wages, and any and all other damages that may be proven at the trial of this matter." (R. Doc. 1-2 at 3, 5). Bernard Charles is allegedly "unable to work and suffered a loss of earnings." (R. Doc. 1-2 at 5).

In its removal papers, Defendant alleges that Bernard Charles "suffered a punctured lung, head injuries, soft tissue injuries, and multiple fractures, including a fractured jaw, which required surgery and possible future surgeries [and] has yet to return to work. . . ." (R. Doc. 16 at 4). Defendant further alleges that Jacob Hill "suffered facial lacerations, scarring, and soft tissue injuries to the neck and back." (R. Doc. 16 at 4). Plaintiff has not submitted any filing to controvert these alleged facts.

In light of the allegations in the Petition, the uncontroverted facts in controversy set forth in the Notice of Removal, and the Plaintiff's failure to file any briefing in opposition, the court concludes that the amount in controversy requirement is satisfied with regard to the claims independently raised by either Bernard Charles or Jacob Hill. The court has supplemental jurisdiction over the claims of the remaining named plaintiffs because their claims arise out of the same set of operative facts. *See* 28 U.S.C. §1367(a); *Exxon Mobil Corp. v. Allapattah Services Inc.*, 545 U.S 546 (2005).

## III. Conclusion

For the reasons given above, the removing defendant has shown that Defendants Estes Refractory and Insulation of Louisiana, LLC; Travis Estes; and Michael Hill are improperly joined; that complete diversity exists between all properly joined parties; and the amount in controversy requirement was satisfied at the time of removal.

**IT IS RECOMMENDED** that the court should retain subject matter jurisdiction over this action.

Signed in Baton Rouge, Louisiana, on March 10, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**